SARAH J. ARMSTRONG, ET. AL., VS. A. & J. MOORE.

SUPREME COURT, AUSTIN TERM, 1883.

*Homestead---Mortgage with Power of Sale.*---Our courts have determined that the exercise of a power of sale under a mortgage, after the death of the constituent, is inconsistent with the policy of our probate system.

*Same---Covenants---How far binding on wife.*---The recitals in a mortgage, signed by husband and wife, that the premises was not the homestead, will not bind the wife unless connected with representations by her which were intended to deceive, and actually did deceive the mortgagee.

*Same---Insolvency of Decedent.*---If the estate of the decedent was insolvent a sale under such a mortgage vests no title as against the homestead rights of the wife.

Appeal from Bastrop County.

*B. D. Orgain* for appellant.

*J. D. Sayers* for appellee.

STATEMENT.

This suit was brought, November 15th, 1875, by appellees against appellants, Sarah J. Armstrong and her five minor children. The action was trespass to try title, to recover from the defendants a tract of land in Bastrop county.

The history of the claim of plaintiffs may be stated thus :

On the 17th, of March 1873, the defendant Sarah J. joined her husband J. L. Armstrong (since deceased) in a mortgage to the plaintiffs of the tract of land claimed by them in this suit, to secure the payment of a note for $1500.

The mortgage authorized the plaintiffs to sell the land at public or private sale if the note was not paid; stipulated that the land was not the homestead of the mortgagors, and the power of sale should not be revoked by death.

J. L. Armstrong died on November 24th, 1874. Administration

was commenced upon his estate on March 27th, 1875.   The bond of the administrator was in the sum of $300.

On the 17th, day of June 1875, the plaintiffs A. and J. Moore (reciting this mortgage as their authority to sell) conveyed the land to one Russel at private sale for the consideration of $100.   On the same day Russel conveyed the land back to the plaintiffs for the consideration of $100.

This was the title of the plaintiffs.

A guardian *ad litum* was appointed for the minors, and on October 19th, 1876, the defendants answered by a general demurrer, general denial, plea of not guilty.   And further that the land now in suit had been the homestead of J. L. Armstrong and his family many years before the date of the mortgage; that it was their homestead, and occupied by them as such at the date of the mortgage; that J. L. Armstrong and his family (consisting of these defendants) were living on it at the time of his death, and his family are still living on it; that administration on his estate was pending when the land was sold by plaintiffs to Russel and by Russel reconveyed to plaintiffs.

October 20th, 1876, defendants amended by allegation that the wife's consent to the mortgage was not voluntary, but was coerced by her husband, under a threat of abandonment if she refused.   That the husband had been borrowing money for speculation, that the wife for a long time refused to sign the mortgage but at last yielded to the threat above mentioned.   They also denied that they received any benefit from the money advanced by plaintiff upon the mortgage.

Plaintiffs also amended by exception to their answer.   Alleged that the defendant, Sarah, had signged the mortgage willingly; and that upon the faith of it they had loaned the money, which had been used in the payment of the community debts.   April 23rd, 1877, the cause was submitted to the court without a jury.   Judgment was rendered for plaintiffs.   Motion for a new trial was overruled and defendants appealed.

The assignments of error relied on by appellants are that the court erred.

1st.   In overruling the motion for a new trial.

2nd.   In holding that the sale of the land made after the death of J. L. Armstrong was valid and binding upon appellants.

Opinion by Delany, J.

The power of sale contained in the mortgage was a power coupled with an interest.

It has generally been considered that such powers cannot be revoked by the mortgagor during his life, and that they are irrevocable even by his death. (Hunt vs. Rousmanien 8 Wheat 174).

As the law in this case made the power of sale irrevocable, it could not be rendered more so, by inserting in the mortgage the provision that it should not be revoked by death. But notwithstanding this general rule of law, our courts have long since determined that the exercise of such powers, after the death of the constituent is inconsistent with the policy of our probate system. (Robertson vs. Paul 16 T., 472. McLane vs. Paschal 47 T., 365).

The covenant contained in the mortgage that the premises conveyed were not the homestead, would not bind the wife unlesss perhaps connected with representations by her, which were intended to deceive and which actually did deceive appellees. (Cravens vs. Booth 8 T., 243.) Married women are not estopped unless their conduct has been intentional and fraudulent. (50 T., 41).

In accordance with this view of the law, evidence was admitted upon the trial below, that the land was the homestead of Armstrong and his wife at the date of the mortgage.

The only question to be determined by us is whether the sale made by appellees after the death of Armstrong, and while administration was pending, was valid.

Appellees seem to admit that, if the contract had been made prior to the probate law of 1870, the sale would have been void. But they insist that the reasons which led our courts to adopt this rule under the former laws (Robertson vs. Paul, Supra) are not applicable to the provisions of the latter statutes. There seems to have been a diversity of individual opinion among our judges, rather than a conflict of decisions upon the subject, (2 Pasch., 5487. Terry vs. Terry 39 T., 311. Woodall vs. Rudd 41 T., 374. Mayman vs. Reviere 47 T., 357).

It may however be regarded as settled that the sale under which appellees claim, vested no title in them as against the homestead rights of the surviving wife, if the estate of the decedent were insolvent.

Black vs. Rockmore 50 T., 88.

That case arose under the probate law of 1870, and the sale by the trustee was declared inoperative, although the estate was not under the immediate control of the court, but was managed by the wife under the 33rd section of the act (Pasch. 5497). In the case before us the circumstances seem to indicate that the estate of Armstrong was insolvent, and we think that the judgment should be reversed; but as the question of insolvency was not brought to the attention of the court, but the decision proceeded upon other grounds, our opinion is that the cause should be remanded for another trial.

May 15th, 1883.

Report of Commissioners of appeals examined their report adopted and the judgment reversed and cause remanded.

STAYTON, J.